IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BELLWETHER MUSIC FESTIVAL, LLC,
et al.,

        Plaintiffs,

                                       CASE NO. 2:20-CV-3279
    V.                           JUDGE EDMUND A. SARGUS, JR.
                                       Magistrate Judge Kimberly A. Jolson

AMY ACTON, et al.,

        Defendants.

**OPINION AND ORDER**

The instant matter is before the Court for consideration of a motion to dismiss filed by

Plaintiffs Mark. W. Miller, Bellwether Music Festival LLC, ESK Presents LLC and Project Live,

LLC. (ECF No. 28). Defendants Stark County Combined General Health District and Warren

County Health District responded. (ECF No.s 30, 32). For the reasons that follow, the Motion to

Dismiss is **GRANTED**. (ECF No. 28).

**I**

This action was brought in response to several orders issued by the Ohio Department of Health,

which temporarily shut down portions of Ohio's economy in an effort to curtail the spread of

COVID-19. (*See generally* ECF No. 21). Specifically, the orders at issue preclude until further

notice certain businesses and operations such as parades, fairs, festivals, and carnivals. (*Id.* at ¶

102-107).

The plaintiffs in this action are one Ohio citizen, Mark. W. Miller ("Miller"), one Ohio

corporation, Bratwurst Festival, Inc. ("Bratwurst") and three Ohio limited liability companies,

Bellwether Music Festival LLC ("Bellwether"), ESK Presents LLC ("ESK") and Project Live, LLC ("Project Live"). (collectively, "Plaintiffs"). (*Id.* at ¶ 8-12).

Plaintiffs Bratwurst, Bellwether, ESK, and Project Live host music festivals in Ohio that typically take place every year around August. (*Id.* at ¶ 23-24, 41-42, 57-58). Specifically, Bratwurst owns, manages and produces the Bucyrus Bratwurst Festival which occurs in Bucyrus, Ohio; Project Live manages and produces The Country Festival which occurs in Stark County, Ohio; and ESK manages and produces on behalf of Bellwether the Bellwether Music Festival which occurs at a location just outside of Waynesville, Ohio. (*Id.*). The individual plaintiff in this matter, Miller, planned to attend and camp at the Bellwether festival this year. (*Id.* at ¶ 39).

The defendants in this action are Dr. Amy Acton, Lance Himes, the Warren County Health District ("Warren County") and the Stark County Combined General Health District ("Stark County") (collectively, "Defendants"). (*Id.* at ¶ 13-16). At all relevant times, Dr. Acton was the Director of the Department of Health. (*Id.* at ¶ 13). Since June 11, 2020, Himes has been the Interim Director of the Ohio Department of Health. (*Id.* at ¶ 14). Lastly, Stark County and Warren County are Ohio entities that enforce orders from the Ohio Department of Health. (*Id.* at ¶ 15, 16).

When the original Complaint was filed, Plaintiffs Bellwether, ESK, Project Live and Miller alleged that the Ohio Department of Health, under the direction of Dr. Acton, issued several orders that implemented a broad ban against festivals, which they claim violates the First Amendment as well as the Equal Protection Clause and Substantive Due Process Clause of the Fourteenth Amendment. (ECF No. 1 at ¶ 170-185). At that time, the go-no-go deadlines for The Country Festival and Bellwether Music Festival were approaching, so Bellwether, ESK and Project Live filed a preliminary injunction against Defendants to stop them from engaging in any actions that would restrict the festivals from proceeding. (ECF No. 4).

Since then, Bellwether and ESK canceled the Bellwether Music Festival and, consequently, Bellwether, ESK and Miller withdrew the motion for preliminary injunction as it applied to them. (ECF No. 22). Thereafter, Bratwurst joined this action through the Amended Complaint, and it filed a motion for preliminary injunction, which citied and incorporated by reference the arguments presented in the original motion for preliminary injunction. (ECF No.s 21, 23). Project Live subsequently withdrew its support for the preliminary injunction after canceling The Country Festival. (ECF No. 24).

In light of these circumstances, Bellwether, ESK and Project Live seek dismissal of their claims and removal from this action.

## II

### A.  Standard

Plaintiffs Bellwether, ESK, Project Live and Miller move the Court for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 28). According to that rule, once an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). "The 'primary purpose' of requiring court approval 'is to protect the nonmovant from unfair treatment' in the form of 'plain legal prejudice.'" *Israfil v. Woods*, Case No. 1:09-cv-468, 2015 U.S. Dist. LEXIS 192905, * 3 (S.D. Ohio Nov. 19, 2015). Ultimately, "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 500 (6th Cir. 2007). Similarly, it is within the discretion of the court to determine whether dismissal pursuant to Rule 41(a)(2) is with or without prejudice. *Chrissos v. Giant Eagle Mkts. Co.*, Case No. 2:03-cv-422, 2006 U.S. Dist. LEXIS 63934, at * 2 (S.D. Ohio Sept. 7, 2006).

### B.  Arguments

Plaintiffs Bellwether, ESK, Project Live and Miller urge the Court to enter a dismissal of their claims in the Amended Complaint. (*Id.* No. 28). Specifically, they argue that their claims should be dismissed as moot because the music festivals they sought to preserve have already been canceled. (*Id.* at 2-3). In their view, dismissal will resolve all claims against Stark County and Warren County, removing the need for their future participation and leaving only those claims that Bratwurst has levied against Dr. Acton and Himes. (*Id.* at 1).

Warren County and Stark County agree that an entry of dismissal is proper, but they argue that dismissal should be entered with prejudice. (ECF No.s 30, 32). Specifically, the counties contend that this Court cannot adjudicate disputes that are moot given that it lacks subject matter jurisdiction over such claims. (*See id.*). For that reason, the counties aver that dismissal with prejudice is warranted. (*See id.*). Not so.

As a fundamental matter, the parties agree that the claims against Warren County and Stark County are moot. They also agree that dismissal of the mooted claims is proper. Thus, the question is whether this Court should enter dismissal with or without prejudice. The Sixth Circuit has stated that "dismissals for lack of jurisdiction should generally be made without prejudice." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. Oct. 26, 2005); *see Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. Appx. 292, 298 (6th Cir. 2001) (explaining that, "[d]ismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice."). "Nevertheless, 'in rare circumstances, a district court may use its inherent power to dismiss with prejudice . . . even a case over which it lacks jurisdiction . . . .'" *Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. Appx. at 298 (citing *Caribbean Broadcasting Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1091 (D.C. Cir. 1998)).

Typically, dismissal with prejudice "is appropriate to prevent abuse of the legal process and to 'protect the orderly administration of justice and to maintain the authority and dignity of the court . . . .'" *Green v. Halbleib*, Case No. 3:17-CV-00619-GNS, 2018 U.S. Dist. LEXIS 70812, at * 7 (W.D. Ky. Apr. 27, 2018). For example, some courts in this circuit have entered dismissals with prejudice for actions involving misconduct, bad faith or frivolous claims. *See Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. Appx. at 298 (noting that the lower court appropriately entered a dismissal with prejudice after reviewing the petitioner's prior misconduct, which included a history of forum shopping and abusing the legal process); *see also Jones v. Mich. Dep't of Human Servs.,* Case No. 12-14466, 2013 U.S. Dist. LEXIS 23663, at * 2 (E.D. Mich. Feb. 21, 2013) ("'[A] district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty.'"); *see also Green v. Halbleib*, 2018 U.S. Dist. LEXIS 70812, at * 7-8 (concluding that dismissal with prejudice was proper given that the plaintiff initiated three separate lawsuits which were dismissed on the grounds that they raised implausible and frivolous claims).

Here, Warren and Stark County contend that the claims against them should be dismissed with prejudice because they are moot. The language of their respective motions reveal that this argument is directed towards the Court's jurisdiction over the claims at issue. Without reaching the merits of those claims, the Court is inclined to enter a dismissal with prejudice, unless there is some indication that rare circumstances are afoot. There is no such indication in this case. Accordingly, the claims against Stark County and Warren County will be dismissed without prejudice.

### III

For the reasons set forth above, the Motion to Dismiss filed by Bellwether, ESK, Project Live and Miller is **GRANTED**. (ECF No. 28). Their claims against Warren County and Stark County

are **DISMISSED without prejudice.** (ECF No. 21). Consequently, Bellwether, ESK, Project Live

and Miller are **DISMISSED** from this case.


       **IT IS SO ORDERED.**


**7/9/2020**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**